**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

Scott M. Kerin
Assistant U.S. Attorney
Scott.Kerin@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 5, 2026

Shari Tocchini
Attorney at Law
Pier 5 Law Offices
350 Townsend Street, Suite 409
San Francisco, CA 9410

Lupe Martinez
Attorney at Law
601 Snyder Avenue
Aromas, CA 95004

Re: *U.S. v. German Bueno,* Case No. 3:26-cr-00032-AB
Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to **Count 1** of the Indictment which charges him with **Possession with Intent to Distribute Fentanyl,** in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).

3. **Penalties**: The maximum sentence the Court may impose is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release. **There is a potential mandatory minimum sentence of ten years' imprisonment**. There is also a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charge(s) in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial of citizenship, and denial

of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: At the time of sentencing the USAO will ask the Court to dismiss Count 2. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

6. **Elements and Factual Basis**: In order for defendant to be found guilty of **Count 1 of the Indictment**, the government must prove the following elements beyond a reasonable doubt:

> First, that on or about January 27, 2026, within the District of Oregon, the defendant knowingly and intentionally possessed 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and,
>
> Second, the defendant intended to distribute the controlled substance to another person.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees that he has committed each of the elements of the crime to which defendant is pleading guilty, admits there is a factual basis for defendant's guilty plea, and that the government could prove the elements true beyond a reasonable doubt at trial.

The defendant admits that on January 27, 2026, he possessed more than 400 grams of a mixture and substance containing fentanyl. In the days leading up to January 27, 2026, a government informant learned from a Mexico-based source of supply that a person transporting bulk amounts of fentanyl would be traveling from Pasco, Washington through Portland, Oregon on January 27, 2026. The informant arranged to meet with the person to acquire a free sample of fentanyl, and if the quality was good enough they would order more. On January 27, 2026, the informant met with the defendant in a parking lot Troutdale, Oregon and acquired the sample of fentanyl. The informant and defendant parted. The informant went back to the law enforcement agents and the defendant drove away and waited in a nearby location. The informant then reached out to the source in Mexico and said the sample was good and they arranged to purchase several kilograms of fentanyl. The source agreed to the deal and arranged for the defendant to deliver the drugs. A few minutes later investigators observed the defendant start driving back toward Troutdale, Oregon.

The defendant once again meet with the informant in Troutdale. During the meeting the defendant indicated he could obtain bulk amounts of fentanyl. The defendant said he would return when the informant was ready. The two then parted ways. Investigators followed the defendant as he drove into a residential area of Troutdale. After the defendant parked, Investigators saw him get out of his car and then go and take two suitcases out of the trunk.

Shortly thereafter, Investigators arrested the defendant. Following his arrest, Investigators searched the defendant's car and the suitcases he had taken from the vehicle. Within the vehicle Investigators found and seized a brick of approximately 1,165 gross grams of fentanyl from the floor in front of the driver seat, as well as approximately 939 gross grams of methamphetamine and 649 gross grams of fentanyl that was on the back seat of the car. In one of the suitcases the defendant was holding investigators found three packages – one contained approximately 2,425 gross grams of fentanyl, another contained approximately 4,152 gross grams of methamphetamine, and the third contained approximately 536 gross grams of fentanyl. In total, the defendant was caught with approximately 4.7 gross kilograms of a mixture and substance containing fentanyl and 5 gross kilograms of a mixture and substance containing methamphetamine. Trained law enforcement investigators would testify that the amount of fentanyl the defendant possessed indicated that it was possessed for purposes of further distribution. Both fentanyl and methamphetamine are Schedule II controlled substances.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The **parties agree** that defendant's relevant conduct, based upon the amount of fentanyl and methamphetamine that was possessed for purposes of further distribution, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a) results in an initial **Base Offense Level of 34.**

9. **Firearm Adjustment**: On the defendant's phone Investigators found photographs of firearms that the defendant sent to another person. After lengthy conversations with counsel, discussions about the application caselaw, and conversations with the case agents the government does not believe it could prove that the firearms were connected with the underlying offense and thus, pursuant to U.S.S.G. § 2D1.1(b)(1), the USAO will not ask the Court to apply this enhancement.

10. **"Safety Valve" Adjustment**: If the Court determines that defendant's case satisfies the "safety valve" criteria in 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(18), the government will recommend a **two-level downward departure** in defendant's Sentencing Guidelines range. By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) and U.S.S.G. §

2D1.1(b)(18) have been satisfied. **The government believes defendant qualifies for such relief.**

11. **Zero-Point Offenders**: If the Court determines that defendant qualifies as a "Zero Point Offender," pursuant to U.S.S.G. § 4C1.1, the parties will recommend a **two-level downward departure** in defendant's Sentencing Guidelines range. **The government believes defendant may qualify for such relief.** The defendant currently has a pending diversion matter in Washington State.

12. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1. or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

13. **3553(a) Variance**: Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an early stage in the proceedings about his desire to resolve his case, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a **two-level downward variance** in his overall offense level.

14. **Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as **estimates only** and the parties understand that **the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties**. There is no agreement as to the defendant's criminal history or the applicability of any other Sentencing Guideline adjustments.

15. **Sentencing Recommendation**: Pursuant to 18 U.S.C. § 3553(a), **parties will recommend that the Court sentence the defendant to the low-end of the applicable guideline range**, as long as defendant demonstrates an acceptance of responsibility as explained above, to be followed by a term of supervised release.

///

///

///

Defendant understands that **if** the 10-year mandatory minimum sentence is required this may restrict the application of downward adjustments and variances and that the USAO will seek a sentence of no less than that mandatory minimum sentence required to be imposed by law.

The government remains open to receiving additional mitigation information before making a final sentencing determination.

16. **Additional Adjustments or Variances**: **The parties agree not to seek any upward or downward adjustments or variances** to the advisory sentencing guideline range determined by the Court, or to seek a sentence in excess of that range, except as specified in this agreement.

17. **Forfeiture of Property**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, that constitute the proceeds of defendant's criminal activity or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. § 841(a)(1) as set forth in Count 1.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the

jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

G. **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest in any property seized during this investigation, pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, to include the seized firearm and ammunition, and waives their right to notice of any abandonment proceedings as to any property seized in this investigation in order that appropriate disposition may be made thereof by law enforcement.

18. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

19. **Court Bound**: Because this agreement is made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure the Court is bound by the recommendations of the parties. Defendant may withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

20. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

21. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report

as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

22. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ Scott Kerin

SCOTT M. KERIN
Assistant United States Attorney

**Acceptance of Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/06/26
Date

[signature]
German Bueno
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/6/2026
Date

[signature] / [signature]
Shari Tocchini / Lupe Martinez
Attorneys for Defendant

I fully and accurately translated this agreement to the above-named defendant as the ~~interpreter~~ ATTORNEY in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

10/6/2026
Date

[signature]
Interpreter (if necessary)
LUPE MARTINEZ